IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **JOHN F. CURRAN, III** ) | |
| ) | |
| **Plaintiff,** ) | Case No. 1:20-CV-1229-STA-jay |
| ) | |
| v. ) | |
| ) | |
| **WEPFER MARINE, INC., OKIE** ) | |
| **MOORE DIVING AND** ) | |
| **MARINE SALVAGE, LLC, AND** ) | |
| **WESTERN RIVERS BOAT** ) | |
| **MANAGEMENT, INC.** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER DENYING MOTION TO SET ASIDE

Before the Court is Plaintiff's "Motion to Set Aside the Court's Orders contained in Documents 70 and 76 and Motion to Strike Defendant's Motion to Strike, Document 72" (ECF No. 78). The Court construes this as an appeal of the magistrate judge's orders filed on February 12, 2021 (ECF No. 70) and February 19, 2021 (ECF No. 76), respectively. Additionally, the Court interprets Plaintiff's Motion to Strike Defendant's Motion to Strike as a response in opposition to Defendant's Motion, (ECF No. 72) which has yet to be ruled on by the magistrate judge and is therefore not subject to review by this Court at this juncture. For the following reasons, the Court **DENIES** Plaintiff's motion.

### BACKGROUND

On November 20, 2020, Defendants filed a motion to dismiss Plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 20.) Plaintiff submitted a response

1

four days later, (ECF No. 24), to which Defendants filed a reply, (ECF No. 25). On the same day as Defendants' reply, Plaintiff requested leave to file a sur-reply, (ECF No. 26), which the Court denied, (ECF No. 61.)  On February 2, 2021, Plaintiff filed a motion for leave of court to supplement his response/sur-reply to Defendants' motion to dismiss. (ECF No. 58.) Defendants submitted a response in opposition the following day. (ECF No. 59.) Two days later, Plaintiff filed a motion for leave to reply to Defendants' response. (ECF No. 62.) On February 12, 2021, magistrate judge Jon York entered an order (ECF No. 70) denying Plaintiff's motion for leave to supplement his response to Defendants' motion to dismiss (ECF No. 58) and Plaintiff's motion for leave to file a reply (ECF No. 62.)  Also on February 12, 2021, Defendants filed a motion for an extension of certain deadlines requesting an extension of time to respond to Plaintiff's amended complaint and their initial disclosure deadline pursuant to Federal Rule of Civil Procedure 26(a)(1).  For good cause shown, the magistrate judge, on February 19, 2021, granted Defendants' motion and extended the deadline to respond to Plaintiff's amended complaint and the initial disclosure deadline to fourteen days after court resolution of the pending motion to dismiss, Plaintiff's objections to the Court's January 28, 2021 Order, and Defendants' motion to strike portions of Plaintiff's amended complaint.

## STANDARD OF REVIEW

In considering an appeal of a magistrate judge's ruling on a nondispositive pretrial motion, the Court applies a "clearly erroneous or contrary to law" standard of review. *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)); *accord Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985) (citing 28 U.S.C. § 636(b)(1)(a)); *see also* Fed. R. Civ. P. 72(a) (District judge must consider timely objections to nondispositive pretrial orders of magistrate judge and modify or set aside any part

of order that is clearly erroneous or is contrary to law.) A finding is "clearly erroneous" when "'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Under Federal Rule of Civil Procedure 72, parties have fourteen days to file objections to a Magistrate Judge's order on non-dispositive motions. Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). What is more, "[t]he district judge in the case must consider *timely* objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a) (emphasis added).

## ANALYSIS

Plaintiff devotes the bulk of his arguments for why this Court should overrule the magistrate judge's orders to fairness concerns relating to Plaintiff's access to the Court as a *pro se* litigant. Specifically, Plaintiff complains that he must rely upon the Court mailing him physical copies of its orders because he lacks access to the electronic docket and is unable to review the docket in-person at the courthouse, given restrictions in place due to the COVID-19 pandemic. Consequently, he argues that he has insufficient time to respond to the Court's orders in a timely manner. The Court does note that Plaintiff's instant objections to the magistrate judge's orders are not timely. His objections to the Court's orders were due fourteen days after February 12, 2021 and February 19, 2021. Plaintiff untimely filed the instant objections on March 2, 2021. Nevertheless, the Court will review the objections on the merits, reviewing each order of the magistrate judge in turn.

### A. February 12, 2021 Order

3

The magistrate judge denied Plaintiff's motion for leave to supplement his response to Defendants' motion to dismiss and Plaintiff's motion to file a reply to Defendants' response in opposition to Plaintiff's motion to supplement. As to the former motion, the Court sufficiently substantiated its finding. First, the Court determined that, regardless of whether the motion was properly taken as a supplement to an earlier filing or a motion for leave to file a sur-reply, the motion was untimely under Local Rule 12.1(b). Plaintiff had seven days to file a motion for leave of court to file his motion, which he filed on February 2, 2021 – eight weeks after Defendants' reply. Although the Court could have stopped there, its proper reliance on the local rules certainly is not clear error or contrary to law, it went on to provide further rationale for its decision to deny Plaintiff's motion. The Court noted that Plaintiff failed to include his proposed supplemental response or sur-reply for the magistrate judge to consider, making it impossible to evaluate Plaintiff's proposed submission on the merits or to determine whether the submission was within the scope of Defendants' reply. Lastly, and as the Court noted, most significantly, the magistrate judge determined that Plaintiff's attempt to introduce the Strait affidavit is improper because it falls outside the realm of materials that the Court may consider at the present case posture - the motion to dismiss stage. In the instant appeal, Plaintiff argues that the affidavit was "tactically" removed from the docket by the Court in concert with the Defendants, an action which deeply prejudiced him because the affidavit is allegedly deeply damaging to Defendants' motion to dismiss. Upon its independent review, the Court notes that Plaintiff did not attach the affidavit to his complaint. And while the Court dismissed Western Rivers as a party by consent, the "Court's administration" did not remove the affidavit as a "case record document." A court evaluating a motion to dismiss may consider "the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so

4

long as they are referred to in the complaint and are central to the claims contained therein." *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) (internal quotations omitted). The Strait affidavit, by Plaintiff's own admission, was the product of a post-complaint settlement between the Plaintiff and Western Rivers. It could not have been, and was not, "referred to in the complaint" and does not therefore fall within the categories of documents that may be considered at this point in the litigation. The Court notes that Plaintiff has entered the affidavit into the court record as part of his amended complaint filed on February 9, 2021. There is a pending motion to strike (ECF No. 72) wherein Defendants request that the Strait affidavit be removed from the record. That motion is pending determination by the magistrate judge and is beyond the scope of this Court's review of the February 12, 2020 Order.

Turning to Plaintiff's motion for leave to file a reply to Defendants' response in opposition to his motion to supplement, the Court finds that the magistrate judge did not err in denying the motion. This Court concurs with the magistrate judge's finding that Plaintiff's arguments had already been presented in Plaintiff's response to Defendants' motion to dismiss, making the reply redundant. Further, as discussed above, Plaintiff may not introduce an affidavit into evidence at this juncture for purposes of defeating Defendants' motion to dismiss because the affidavit is not attached to the complaint or referenced in it.

### B.  February 19, 2021 Order

Upon motion of Defendants, the magistrate judge extended Defendants' deadline to respond to Plaintiff's amended complaint and the initial disclosure deadline until the Court resolves Defendants' motion to dismiss (ECF No. 20), objections to the magistrate judge's January 28, 2021 order (ECF No. 64), and motion to strike (ECF No. 74.) Motions to extend time are governed by Rule 6(b)(1)(A), which states, "[w]hen an act may or must be done within a specified

time, the court may, for good cause, extend the time .... if the request is made, before the original time or its extension expires." In their timely filed motion, Defendants represented that the resolution of the afore-stated motions may significantly reduce the scope of Defendants' Rule 26 disclosures and responsive pleadings to Plaintiff's amended complaint.  Therefore, allowing the Court to rule on those motions before investing resources on issues that may be mooted by the Court's orders would serve the interests of efficiency and fairness in this case.  The magistrate judge found that Defendants' reasons constituted good cause to allow the extension.  This Court concurs.  Granting the extension avoids the potential need to perform work that is superfluous and assists in securing "the just, speedy, and inexpensive" determination of the proceeding.  Fed. R. Civ. Pro. 1.  Although Plaintiff asserts that "[t]he Court, in effect, has allowed the Defendants to continually, and unduly, delay these proceedings" through its Order, the Court notes that the extension is narrowly tailored in scope and in time.  Defendants' responsive pleadings are due a reasonable fourteen days after the resolution of the pending motions.  Undercutting his argument that the Court is intentionally prejudicing him the Court has several times granted extensions to Plaintiff upon his request throughout the course of the litigation.  Plaintiff notes that the Court granted a motion to extend deadlines to conclude a fruitful settlement with Western Rivers, which seems to the Court to be illustrative of the same spirit motivating the magistrate judge to grant Defendants' motion to extend deadlines.  In both cases, grants of extension served to streamline the issues and increase efficiency.

## CONCLUSION

Finding that the magistrate judge's orders were not clearly erroneous or contrary to law, Plaintiff's "Motion to Set Aside the Court's Orders contained in Documents 70 and 76 and Motion to Strike Defendant's Motion to Strike, Document 72" (ECF No. 78) is **DENIED**.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 21, 2021.