IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JOHN F. CURRAN, III ) | |
| ) | |
| Plaintiff, ) | Case No. 1:20-CV-1229-STA-jay |
| ) | |
| v. ) | |
| ) | |
| WEPFER MARINE, INC., OKIE ) | |
| MOORE DIVING AND ) | |
| MARINE SALVAGE, LLC, AND ) | |
| WESTERN RIVERS BOAT ) | |
| MANAGEMENT, INC. ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING APPEAL OF MAGISTRATE JUDGE'S ORDER

Before the Court is Defendants' Objection to and Appeal from Magistrate Judge's January 28, 2021 "Order Granting in Part and Denying in Part Plaintiff's Motion for Leave to Amend his Complaint." (ECF No. 64.) Defendants request that the Court reconsider a single issue addressed in Magistrate Judge Jon A. York's January 28, 2021 order (ECF No. 57.)  For the following reasons, Defendants' appeal is **DENIED,** and the Magistrate Judge's order is **AFFIRMED**.

On December 14, 2020, Plaintiff filed a second motion to amend his Complaint (ECF No. 34) which the Magistrate Judge construed as seeking to add the following claims: "(1) unpaid overtime under the FLSA; (2) 'back pay' under the FLSA; (3) discrimination/retaliation under the FLSA; and (4) discrimination/retaliation under the Seaman's protection Act ('SPA') 46 U.S.C. § 2114."   (ECF No. 57 at ¶ 7.)  The Magistrate Judge ruled that futility precluded Plaintiff from amending his Complaint to incorporate claims based on his back pay claims or

1

discrimination/retaliation under the SPA. (ECF No. 57 at ¶ 16.)  Plaintiff was, however, permitted to add claims pertaining to unpaid overtime under the FLSA and retaliation under the FLSA.  (ECF No. 57 at ¶ 15.)  The latter is what Defendants presently dispute.  They argue that an amendment to set forth a claim of retaliation under the FLSA is likewise futile because the cause of Plaintiff's termination has already been adjudicated by the Department of Labor and thus, *res judicata* precludes re-litigation of the claim in this Court.  Defendants raised this argument in their opposition to Plaintiff's second motion and the Magistrate Judge addressed it in his January 28 order.  Judge York determined that issue preclusion does not apply, Defendants having failed to show that Plaintiff had a full and fair opportunity to litigate the precise issue raised in the instant claim.

In considering an appeal of a magistrate judge's ruling on a nondispositive pretrial motion, the Court applies a "clearly erroneous or contrary to law" standard of review.  *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)); *accord Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985) (citing 28 U.S.C. § 636(b)(1)(a)); *see also* Fed. R. Civ. P. 72(a) (District judge must consider timely objections to nondispositive pretrial orders of magistrate judge and modify or set aside any part of order that is clearly erroneous or is contrary to law.) A finding is "clearly erroneous" when "'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  Under Federal Rule of Civil Procedure 72, parties have fourteen days to file objections to a Magistrate Judge's order on non-dispositive motions. Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a).  What is more,

"[t]he district judge in the case must consider *timely* objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a) (emphasis added).

The Magistrate Judge determined that collateral estoppel does not preclude Curran from relitigating the reason for his termination. As the court noted, "Collateral estoppel, otherwise termed issue preclusion, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.'" *Arkansas Coals, Inc. v. Lawson*, 739 F.3d 309, 320 (6th Cir. 2014) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008)). Generally, the doctrine of collateral estoppel may be applied to administrative decisions. *See B&B Hardware, Inc. v. Hargis Indus.*, 575 U.S. 138, 151–52 (2015). For issue preclusion to apply, "(1) the precise issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding." *Arkansas Coals, Inc.*, 739 F.3d at 320–21 (quoting *Georgia-Pacific Consumer Prods. LP v. Four-U-Packaging, Inc.*, 701 F.3d 1093, 1098 (6th Cir. 2012)). The Magistrate Judge noted that, in the prior proceeding before the Department of Labor, Plaintiff's discrimination/retaliation claim concerned only his work-related injury and there was no discussion of Plaintiff's overtime-related discrimination claim. (ECF No. 57 at ¶ 13.) Therefore, the precise issue of whether Defendants retaliated against Curran for engaging in protected activity under the FLSA was neither raised nor litigated in the prior proceeding. Further, Defendants provide no indication that the Department of Labor would have had jurisdiction to decide Plaintiff's FLSA claim.

This Court finds that the Magistrate Judge did not clearly err or issue a decision that is contrary to law. In applying the afore-mentioned necessary conditions for the application of issue preclusion, the Magistrate Judge found that Defendants had failed to show that Plaintiff had a full and fair opportunity to litigate his overtime-related retaliation claim before the Secretary; that the *precise* issue was not raised and actually litigated in the prior proceedings; and that the determination of the precise issue was not necessary to the outcome of the prior proceedings. Therefore, issue preclusion necessarily could not apply. This Court concurs that the Department of Labor inquiry exclusively investigated Plaintiff's retaliation claim concerning his workplace injury under the SPA. Indeed, there is no mention of the FLSA or overtime pay. Issue preclusion applies where the issues in the two cases are indeed identical and the other rules of collateral estoppel are carefully observed. *B & B Hardware, Inc.*, 575 U.S. 138, 135 S. Ct. 1293, 191 L. Ed. 2d 222. Because the issue litigated in the administrative proceeding is not identical to that raised in Plaintiff's instant retaliation claim under the FLSA, the Court affirms the order of the Magistrate Judge.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 31, 2021.