IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOHN F. CURRAN, III,

    Plaintiff,

v.                                                          No. 1:20-cv-01229-STA-jay

(1) WEPFER MARINE INC.,
(2) OKIE MOORE DIVING AND
MARINE SALVAGE, LLC., and
(3) WESTERN RIVERS BOAT
MANAGEMENT, INC.,

    Defendants.

REPORT AND RECOMMENDATION ON DEFENDANTS'
MOTION FOR RULE 11 SANCTIONS

    Before the Court is Defendants, Wepfer Marine, Inc.'s ("Wepfer") and Okie Moore Diving and Marine Salvage, LLC's ("Okie Moore") (collectively "Defendants"), motion for sanctions pursuant to Federal Rule of Civil Procedure ("Rule") 11. (Docket Entry ("D.E.") 27.) This case has been referred to the United States Magistrate Judge for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) Plaintiff, John F. Curran, III ("Plaintiff") responded on December 28, 2020. (D.E. 39.) For the following reasons, the undersigned recommends that the motion be GRANTED.

I. PROPOSED FINDINGS OF FACT

    Defendants contend that Plaintiff is a serial litigator and requests that the Court impose monetary sanctions as well as a requirement that Curran obtain the Court's permission prior to filing any further complaints against Wepfer Marine and Okie Moore in the Western District of Tennessee. (D.E. 27-1.) In support of this motion, Defendants cite various lawsuits and sanctions

1

motions in which Curran has initiated or has been involved in the span of over a decade.[1] (*Id.*) Between 2007 and 2018, Curran was a party to at least fourteen civil cases in federal district courts, one criminal proceeding in a federal district court, two matters before the Court of Appeals for the Third Circuit, and nine matters before the Court of Appeals for the Fourth Circuit, representing himself *pro se* in fourteen of these civil matters in federal district courts. (D.E. 27-1, n. 1.) Out of all twenty-four matters in which Defendants cite, Curran has been unsuccessful in each and every one of those cases. (*Id.*)

Defendants argue that beyond Plaintiff's pattern for filing a volume of lawsuits, Plaintiff's lack of character for truthfulness is revealed in the content of his litigation history. Among this includes a court awarding sanctions and holding Plaintiff in civil contempt, levying a fine of $100.00 per day until he provided the ordered discovery.[2] In the same case, the court found that Plaintiff's subsequent motion to set aside judgment contained several misstatements, so much so that it served "to further undercut his credibility, and underscore the accuracy of [the court's] prior determination that [Plaintiff] was not a consistent truth-teller."[3]

This also includes Plaintiff pleading guilty to fraudulently inducing people to invest in a company by falsely claiming that the business had various contract and purchase orders, resulting in a court ordering 37 months imprisonment, restitution in the amount of $1,250,768.75, and three years of supervised release. (D.E. 27-1, Exhibit A, Dec. 20, 2011, Indictment.) Plaintiff violated the terms of his supervised release in what United States District Judge Richard Bennett of the United States District Court for the District of Maryland described as "probably the most egregious

---

[1] *See* D.E. 27-1, Page ID 122-126, n. 1-18.

[2] *Shafik, et al. v. Curran*, No. 1:09-cv-2469, 2012 WL 13001887 (M.D. Pa. June 19, 2012).

[3] *Shafik, et al. v. Curran*, No. 1:09-cv-2469, 2013 WL 5784890, at *4 (M.D. Pa. Oct. 28, 2013).

violation of supervised release I've dealt with in my 13 and a half years on the bench." (D.E. 27-1, Exhibit C, Joint Appendix, Vol. 1, *United States of America v. John F. "Jef" Curran, III*, No. 16-4733 (4th Cir.).)  In a hearing regarding Plaintiff's lack of character for truthfulness, propensity for fraudulent conduct, and propensity for frivolous litigation, Judge Bennett characterized Plaintiff by stating, "I do not find him credible." (*Id.*)

Defendants assert that because Curran is a serial abuser of the legal system, as evidenced by his history of frivolous filings, and because his complaint in this matter cannot be supported by law, Curran has violated Rule 11, and the Court should impose monetary and nonmonetary sanctions. (*Id.*)

## II. PROPOSED CONCLUSIONS OF LAW

"Rule 11 imposes on attorneys a duty to reasonably investigate factual allegations and legal contentions before presenting them to the court." *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 766 (6th Cir. 2014) (citing Fed. R. Civ. P. 11(b)).  Federal Rule of Civil Procedure 11(b) imposes four requirements on a litigant when she makes representations to the court.  The rule provides:

> By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

>(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1-4). "Rule 11(c)(1) grants the Court discretion to 'impose an appropriate sanction' on an attorney or party '[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated.'" *Saia v. Flying J, Inc.*, No. 15-cv-1045, WL 1715196, at *3 (W.D. Tenn. Apr. 27, 2016) (quoting Fed. R. Civ. P. 11(c)(1)).

Additionally, within the Sixth Circuit, Rule 11 sanctions are calculated using a multi-factor test:

>The first and most important factor is deterrence. Second, the sanctions are meant to compensate the party receiving the award for expenses incurred in litigating the improperly filed suit and the sanctions motion. These two factors must be balanced, however. Because deterrence is the primary goal, the minimum necessary to deter the sanctioned party is the proper award, even if this amount does not fully compensate the moving party. The third factor is mitigation. The moving party must mitigate its expenses by not expending useless effort on frivolous actions. That party "must act[] promptly and avoid[] any unnecessary expenses in responding to papers that violate the rule." Finally, there must be a consideration of the sanctioned party's ability to pay. The idea is not to bankrupt an attorney -- or, as here, a pro se litigant -- but to deter him from repeating the conduct prohibited by Rule 11.

*Danvers v. Danvers*, 959 F.2d 601, 605 (6th Cir. 1992) (citing *Jackson v. Law Firm*, 875 F.2d 1224, 1229-30 (6th Cir. 1989).

Defendants contend that the instant action is the second meritless legal proceeding initiated by Plaintiff against Defendants. (D.E. 27-1, Page ID 130.) Additionally, Defendants allege that Plaintiff did not conduct a reasonable inquiry into the law prior to filing this lawsuit, resulting in a waste of the Court's time. (*Id.*) Within this argument, Defendants point out that Plaintiff's lawsuit is in direct conflict with decades of established maritime law of which requires property in marine peril to be saved as an element of a salvage claim and that Plaintiff fails to meet this

4

element.  (D.E. 127-1, PageID 128.)  In short, Plaintiff did not make a reasonable inquiry into the basic requirements of a maritime law claim before filing his Complaint.

Defendants look to *Graham v. Liberty Mut. Ins. Co.*, No. 1:08-cv-299, 2009 U.S. Dist. LEXIS 32919 (E.D. Tenn. Apr. 17, 2009) in request for nonmonetary sanctions.  The *Graham* court characterized the plaintiff as a "prolific litigator" and found that she filed the complaint devoid of a "nonfrivolous basis in law and lacking an evidentiary basis in fact." *Graham* at *17.  As a result, the court ordered, as a Rule 11 sanction, that the "Clerk's office not [] accept any further filings from Plaintiff against [Defendants].  Should Plaintiff wish to file any further complaints against these Defendants, she must obtain express permission of the Court, and a magistrate judge must certify the complaint is not frivolous. *Id.* at *20.

The Magistrate Judge finds that this method of nonmonetary sanctions would be appropriate and warranted in this case as to deter Plaintiff from filing further frivolous complaints against Defendants.  Plaintiff failed to make a reasonable inquiry into maritime law before filing his Complaint and that doing so, in fact, reveals that his salvage claim is frivolous.[4]  Moreover, Plaintiff has a pattern of filing meritless claims as a serial litigator and has done so in this case, wasting the Court's time and resources.  Therefore, the Magistrate Judge recommends following the *Graham* court in ordering the Clerk's office to not accept further filings from Plaintiff unless he has obtained express permission of the Court and a magistrate judge certifies that such filing is not frivolous.

Furthermore, in imposing nonmonetary sanctions, the *Graham* court found that "imposing monetary sanctions upon Plaintiff or ordering her to pay attorneys' fees would be excessive.

---

[4] The Magistrate Judge analyzed this claim in a Report and Recommendation for Defendants' Motion to Dismiss in which the Magistrate Judge recommended that the salvage claim based in maritime law be dismissed due to failure to state a claim upon which relief could be granted.

However, [Defendants] should be protected against any future attempts by Plaintiff to subject them to suit on a frivolous basis." *Graham* at *19. The Magistrate Judge finds that monetary sanctions or an order to pay attorneys' fees would also be excessive and that the recommended nonmonetary sanctions would serve its intended purpose of preventing Plaintiff's future attempts at lodging frivolous suits against Defendants.

### III. RECOMMENDATION

For the foregoing reasons, this Court recommends that the Defendants' motion to for Rule 11 sanctions be **GRANTED** so that Plaintiff must obtain express permission of the Court before accepting further filings and that a magistrate judge must certify that such filings are not frivolous.

Respectfully submitted this 18th day of November 2021.

s/ Jon A. York<br>
UNITED STATES MAGISTRATE JUDGE

### NOTICE

**Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.**