IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN F. CURRAN, III | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:20-CV-1229-STA-jay |
| WEPFER MARINE, INC., OKIE | ) | |
| MOORE DIVING AND | ) | |
| MARINE SALVAGE, LLC, AND | ) | |
| WESTERN RIVERS BOAT | ) | |
| MANAGEMENT, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the United States Magistrate Judge's Report and Recommendation (ECF No. 87) screening Defendants' Partial Motion to Dismiss. (ECF No. 20.) Plaintiff has not filed any objections to the Magistrate Judge's Report. For the reasons set forth below, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation and **GRANTS** Defendants' Partial Motion to Dismiss.

BACKGROUND

Plaintiff filed this action on October 14, 2020, seeking compensation from Defendants for "salvor services" pursuant to 46 U.S.C. § 80107. (ECF No. 1.) Plaintiff's second amended complaint (ECF No. 34) added claims for (1) unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207; (2) "back pay" under the FLSA; (3) discrimination/retaliation under the FLSA; and (4) discrimination/retaliation under the Seaman's Protection Act ("SPA"), 46

1

U.S.C. § 2114. (ECF No. 57 at PageID 297.) On January 28, 2021, the Court granted Plaintiff leave to add claims for unpaid overtime under the FLSA and retaliation/discrimination under the FLSA based on his purported attempts to collect overtime wages. (*Id.* at PageID 298, 300–03.) Plaintiff was denied leave to add claims for "back pay" under the FLSA, retaliation/discrimination under the FLSA based on his purported attempts to collect his "back pay increase," and retaliation/discrimination under the SPA. (*Id.* at PageID 298–99, 301 n.5, 303–05.)

After Defendants successfully contested several of Plaintiff's attempts to bring additional claims, Plaintiff's amended complaint asserts the following: (1) "salvage claim," under general maritime law and under 46 U.S.C. § 80107 and (2) unpaid overtime under the FLSA, under 29 U.S.C. § 207.1. (ECF No. 63.) Defendants' present motion to dismiss only seeks dismissal of the salvage claim and does not address unpaid overtime under the FLSA.

Plaintiff alleges that he was hired by Okie Moore on or about January 15, 2019, to serve as a salvor aboard the Stephen Foster to participate in an effort to raise and salvage equipment of a barge. In the process of transporting the raised barge, Mitch Revette was struck by the handle of a winch. Plaintiff acted quickly, providing "immediate trauma care" to Revette. Plaintiff further instructed the vessel master, Bruce Gibson, that Revette needed to be transported to a medical facility. When the ambulance arrived, Plaintiff informed the crew that Revette had likely suffered a skull fracture. Revette did suffer a skull fracture but was back to full duty within three months.

Plaintiff alleges that his immediate care was recognized by senior management at Wepfer as being the reason that Revette returned to work so quickly. Thus, Plaintiff was tasked with additional responsibilities as a safety officer for Okie Moore, although these responsibilities did not come with increased pay. Plaintiff alleges other Fair Labor Standards Act violations, but

because the Motion to Dismiss and corresponding Report and Recommendation only address the maritime salvage claim, the Court limits its discussion accordingly.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

"Pro se complaints are to be held to 'less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his

pleading." ((internal quotation marks omitted)); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## DISCUSSION

Essentially, Defendants argue that Plaintiff has failed to state a claim where Plaintiff asserts that he is owed compensation for preserving the health and safety of one of Defendants' employees. For purposes of this Motion, the Court affirms that Plaintiff mitigated additional injury by providing immediate medical aid to Revette. Thus, the question before the Court is whether maritime salvage law provides a reward for Plaintiff's acts to preserve Revette's health and prevent further injury. On this point, Defendants assert that governing maritime law does not permit recovery for rescuing human life or health unless the rescue is made in conjunction with the saving of property. The Court finds Defendants' position persuasive.

Three elements must be met to establish a valid salvage claim: "1. A marine peril. 2. Service voluntarily rendered when not required as an existing duty or from a special contract. 3. Success in whole or in part, or that the service rendered contributed to such success." *The Sabine*, 101 U.S. 384, 384 (1879). To illustrate the concept further, "[s]alvage is the compensation allowed

to persons by whose voluntary assistance [to] a ship at sea or her cargo or both have been saved in whole or in part from impending sea peril, or in recovering such property from actual peril or loss, as in cases of shipwreck, derelict, or recapture." *Id.* General maritime law requires that a Court weigh six factors to determine the amount of a salvage award:

> (1.) The labor expended by the salvors in rendering the salvage service. (2.) The promptitude, skill, and energy displayed in rendering the service and saving the property. (3.) The value of the property employed by the salvors in rendering the service, and the danger to which such property was exposed. (4.) The risk incurred by the salvors in securing the property from the impending peril. (5.) The value of the property saved. (6.) The degree of danger from which the property was rescued.

*The Blackwall*, 77 U.S. 1, 14 (1869). A salvage award is "limited by the value of the property saved." *Allseas Maritime, S.A. v. M/V Mimosa*, 812 F.2d 243, 246 (5th Cir. 1987).

Moreover, courts have provided clear guidance regarding the issue of salvage awards in the context of saving human life. Notably, maritime salvage law contains two principles concerning saving a life, known as "life-property salvage" and "independent life-property salvage." Where a person saves both life and property, a court may consider the act of saving a life to enhance the amount awarded as salvage for saving the property. *The Emblem*, 8 F. Cas. 611, 612 (D. Me. 1840); *The Plymouth Rock*, 9 F. 413, 418 (S.D.N.Y. 1881). Independent life-property salvage occurs where a set of salvors saves property while another set of salvors saves a life without involvement in saving the property; in this case, a court may allow those salvors who save a life to share in the property salvage award. *The Mulhouse*, 17 F. Cas. 962, 967–68 (S.D. Fla. 1859).

Here, there is no indication that Plaintiff protected Defendants' property while preserving Revette's life and health nor did Plaintiff provide medical aid concurrently with a third-party's property salvage.  Instead, Plaintiff asserts that he saved Defendants from hypothetical future damages.  However, this argument is fundamentally flawed.  Courts have not characterized "property" to include future liability.  Thus, given that there is no property interest in potential future expenses, Plaintiff is out of luck on his claim here.  In other words, because neither party has a property interest in potential future expenses, the Court cannot grant relief.  Maritime salvage law is unambiguous on this point—Plaintiffs may not recover for saving the life of another without some simultaneous preservation of property.  As a matter of policy, some may find this outcome distasteful, but the Court does not have the authority to change policy.  That task remains within the legislative domain.

Consequently, although it may be of little comfort, Plaintiff's claim regarding salvage does not merit a reward.  Plaintiff's only recompence is the knowledge that he acted in accordance with the demands of moral obligation and sound professional practices.

For the foregoing reasons, this Court orders that the Defendants' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) be **GRANTED** and that Plaintiff's maritime salvage claim be **DISMISSED**.  The only claim remaining is Plaintiff's FLSA claim.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: December 2, 2021.