IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JOHN F. CURRAN, III ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:20-CV-1229-STA-jay |
| WEPFER MARINE, INC., ) | |
| OKIE MOORE DIVING AND ) | |
| MARINE SALVAGE, LLC, ) | |
| AND WESTERN RIVERS ) | |
| BOAT MANAGEMENT, INC. ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the United States Magistrate Judge's Report and Recommendation (ECF No. 88) screening Defendants' Motion to Impose Rule 11 Sanctions. (ECF No. 27.) Plaintiff timely filed his objection to the Magistrate Judge's Report. (ECF No. 91.) For the reasons set forth below, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation and **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Impose Rule 11 Sanctions.

BACKGROUND

Plaintiff filed this action on October 14, 2020, seeking compensation from Defendants for "salvor services" pursuant to 46 U.S.C. § 80107. (ECF No. 1.) Plaintiff's amended complaint asserted the following: (1) "salvage claim," under general maritime law and under 46 U.S.C. § 80107 and (2) unpaid overtime under the FLSA, under 29 U.S.C. § 207.1. (ECF No. 63.) However, Plaintiff's maritime salvage claim was dismissed after the Court granted Defendants'

1

Partial Motion to Dismiss (ECF No. 20) by an Order Adopting the Magistrate's Report and Recommendation. (ECF No. 89.)

As grounds for imposing sanctions, Defendants point to honesty concerns, noting that Plaintiff has a history of obscuring the truth during litigation. In one case, while addressing Plaintiff's numerous misstatements, the Judge noted that Plaintiff was not a "consistent truth-teller." (*Id.* at 2 (citing *Shafik, et al. v. Curran*, No. 1:09-cv-2469, 2013 WL 5784890, at *4 (M.D. Pa. Oct. 28, 2013)). Moreover, Plaintiff was sentenced to incarceration for 37 months and penalized over 1.2 million dollars for fraudulently inducing investment in a business. (ECF 27-1, Exhibit A, Dec. 20, 2011, Indictment.) Once released from incarceration, Plaintiff committed an act so flagrant that it drew harsh condemnation from the Judge presiding over his violation, characterizing it as "probably the most egregious violation of supervised release I've delt with in my 13 and a half years on the bench." (ECF No. 27-1, Ex. C, Joint Appendix, Vol. 1, *United States of America v. John F. "Jef" Curran, III*, No. 16-4733 (4th Cir.).) After reviewing this highlight reel of Plaintiff's dishonest and even criminally fraudulent conduct, it is clear that Plaintiff has proven unreliable in asserting matters of material fact.

As for legal argumentation, Plaintiff does not fare better. In their brief, Defendants state that Plaintiff has lost twenty-four actions filed in federal court. (ECF No. 27, PageID 123.) Defendants also contend that the instant action is the second meritless legal proceeding initiated by Plaintiff against Defendants. (ECF 27-1, PageID 130.) Moreover, the Court has already granted Defendants' Partial Motion to Dismiss for Plaintiff's maritime salvage claim. (ECF No. 89.) In granting the Motion, this Court noted that well-established salvage law was "unambiguous" in its rejection of Plaintiff's legal contentions. (*Id.*, PageID 479.) Thus, in light

of Plaintiff's questionable history in a variety of forums, including this Court, Plaintiff has demonstrated a pattern of serious deception and very poor argumentation.

## STANDARD OF REVIEW

"Rule 11 imposes on attorneys a duty to reasonably investigate factual allegations and legal contentions before presenting them to the court." *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 766 (6th Cir. 2014) (citing Fed. R. Civ. P. 11(b)). Federal Rule of Civil Procedure 11(b) imposes four requirements on a litigant when she makes representations to the court. The rule provides:

> By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1-4). "Rule 11(c)(1) grants the Court discretion to 'impose an appropriate sanction' on an attorney or party '[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated.'" *Saia v. Flying J, Inc.*, No. 15-cv-1045, WL 1715196, at *3 (W.D. Tenn. Apr. 27, 2016) (quoting Fed. R. Civ. P. 11(c)(1)).

Additionally, within the Sixth Circuit, Rule 11 sanctions are calculated using a multi-factor test:

3

> The first and most important factor is deterrence. Second, the sanctions are meant to compensate the party receiving the award for expenses incurred in litigating the improperly filed suit and the sanctions motion. These two factors must be balanced, however. Because deterrence is the primary goal, the minimum necessary to deter the sanctioned party is the proper award, even if this amount does not fully compensate the moving party. The third factor is mitigation. The moving party must mitigate its expenses by not expending useless effort on frivolous actions. That party "must act[] promptly and avoid[] any unnecessary expenses in responding to papers that violate the rule." Finally, there must be a consideration of the sanctioned party's ability to pay. The idea is not to bankrupt an attorney—or, as here, a pro se litigant—but to deter him from repeating the conduct prohibited by Rule 11.

*Danvers v. Danvers*, 959 F.2d 601, 605 (6th Cir. 1992) (citing *Jackson v. Law Firm,* 875 F.2d 1224, 1229–30 (6th Cir. 1989).

DISCUSSION

After reviewing the record and the Magistrate's recommendation, it is apparent that Plaintiff's actions warrant sanctions under Fed. R. Civ. P. 11(b)(1), (2). In aggregate, Plaintiff's behavior demonstrates that his many legal pursuits are not made in good faith. Having lost all twenty-four matters cited by Defendants, his overwhelming lack of success in court indicates that Plaintiff's concern is pursuing personal vendettas—an inappropriate use of the judicial process. That Plaintiff remains undeterred despite constantly losing also indicates his unwillingness to acknowledge the weaknesses in his many arguments.

Consequently, Plaintiff's history combined with the filing of at least one frivolous claim in the instant matter justifies imposing sanctions. As mentioned in the preceding paragraphs, Plaintiff has shown a penchant for dishonesty. At one point, Plaintiff was willing to use deception, not merely to inconvenience others but to commit criminal fraud. Moreover, Plaintiff's lack of legal success compels skepticism and careful scrutiny of the claims here. After conducting such measured scrutiny, the Court concludes that Plaintiff's arguments are frivolous to the point that his salvage claim should not have been filed at all.

To clarify, Plaintiff's salvage claim is one for "pure life salvage"—that is for the saving of a person's life and health without also saving any property. However, as discussed in the Court's Order Adopting Magistrate Judge's Report and Recommendation (ECF No. 89), the law does not reward pure life salvage. The issue of pure life salvage is an aspect of the law so clear and unbending that some scholars addressing the issue have criticized the doctrine for its harsh inflexibility.[1] In other words, the law addressed by Plaintiff has been uniformly applied for over one hundred years without moving an inch.[2] In American law, it is difficult to find a doctrine so resistant to change. Thus, Plaintiff's attempt to frame his pure life salvage claim as meriting reward strains credulity. The Court rejects Plaintiff's claim, not merely as incorrect but as deserving rebuke.

To place the issue of sanctions in context, the judiciary provides necessary services to the public and undergirds societal stability by acting as an impartial arbiter. Therefore, when a party abuses the judicial process to further a grudge, the American taxpayer suffers the wasting of valuable public resources. Although access to the judicial system is of paramount importance, it is not a right without limit, especially where a party abuses that right. Here, Plaintiff has brought an unmeritorious claim to join a long history of other failed claims. Plaintiff has consumed judicial resources without adequate justification.

As a consequence of his actions, the Court now imposes Rule 11 sanctions. Plaintiff may not file a claim in the Federal District Courts of the Western District of Tennessee against any of

---

[1] *See generally*, Ross A. Albert, *Restitutionary Recovery for Rescuers of Human Life*, 74 CAL. L. REV. 85 (1986); Lawrence Jarett, *The Life Salvor Problem in Admiralty*, 63 YALE L. J. 779 (1954) (positing that the law's failure to reward pure life salvors stands in conflict with considerations of morality and prudent social policy).
[2] Jarett, *supra* note 1, *at* 784–85. (noting that the United States Congress codified its refusal to compensate pure life salvors by enacting the Salvage Act of 1912).

the Defendants named in this case without leave of the Court. The Court does not impose any monetary sanctions at this time but will consider fining Plaintiff in the future should his later conduct merit such treatment.

The Court therefore **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 88) and **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Impose Rule 11 Sanctions. (ECF No. 27.)

**IT IS SO ORDERED**.

                                                  s/ S. Thomas Anderson
                                                  S. THOMAS ANDERSON
                                                  CHIEF UNITED STATES DISTRICT JUDGE

                                                  Date: December 20, 2021.