IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JOHN F. CURRAN, III | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No. 1:20-CV-1229-STA-jay |
| WEPFER MARINE, INC., | ) |
| OKIE MOORE DIVING AND | ) |
| MARINE SALVAGE, LLC, | ) |
| AND WESTERN RIVERS | ) |
| BOAT MANAGEMENT, INC. | ) |
| | ) |
|     Defendants. | ) |

**ORDER DENYING PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE'S ORDER**

Before the Court is Plaintiff's Appeal (ECF No. 110) of Magistrate Judge York's March 24, 2022 Order Denying Plaintiff's Motion for Objection and Hearing and Granting Defendants' Motion for Protective Order. (ECF No. 107.) On April 18, 2022, Defendants submitted their Response to Plaintiff's Appeal. (ECF No. 112.) For the reasons stated below, Plaintiff's Appeal is **DENIED**, and Plaintiff's Motion for Extension (ECF No. 113) is **DENIED** as moot.

## BACKGROUND

In Plaintiff's original Motion for Objection and Hearing, he argued that Defendants' opposition to Plaintiff's Notice to Take Depositions ("Notice") (ECF No. 99) constituted "bad faith," and Plaintiff requested that the Court hold a "hearing to instruct the Parties of each's responsibility to the Discovery Process." (*Id.*) In response, Defendants stated that they replied to the Notice by email on February 25, 2022, asking Plaintiff to withdraw the Notice because it did

1

not comply with the Federal Rules of Civil Procedure ("FRCP"). (*Id.*) However, Plaintiff refused to withdraw the Notice. (ECF No. 106.)

Then, as a rejoinder to Plaintiff's Motion, Defendants filed a Motion for Protective Order. (ECF No. 105.) Defendants' Motion sought to prohibit Plaintiff from taking the depositions identified in Plaintiff's Notice. (ECF No. 99.) Defendants also requested that the Magistrate Judge award attorney's fees and costs related to the preparation of the Motion for Protective Order and Memo pursuant to FRCP 37(a)(5)(A).

After evaluating the arguments, the Magistrate Judge denied Plaintiff's Motion and granted Defendants' Motion. The Magistrate Judge found good cause for the entry of a protective order and awarded attorney's fees and costs. (ECF No. 107.) In essence, the Magistrate Judge found that Plaintiff had failed to comply with the FRCP in his request to depose "all . . . Hourly employees" and "all . . . salaried employees," and "all . . . vessel masters and pilots." (*Id.*)

Finally, on April 6, 2022, Plaintiff filed his Appeal of the Magistrate Judge's Order Denying Plaintiff's Motion for Objection and Hearing and Granting Defendants' Motion for Protective Order.

### STANDARD OF REVIEW

In considering an appeal of a magistrate judge's ruling on a nondispositive pretrial motion, the Court applies a "clearly erroneous or contrary to law" standard of review. *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)); *accord Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985) (citing 28 U.S.C. § 636(b)(1)(a)); *see also* Fed. R. Civ. P. 72(a) (District judge must consider timely objections to nondispositive pretrial orders of magistrate judge and modify or set aside any part of order that is clearly erroneous or is contrary to law.) A finding is "clearly erroneous" when "'the reviewing court on the entire evidence is left with the definite and firm conviction that a

mistake has been committed.'" *Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Under Federal Rule of Civil Procedure 72, parties have fourteen days to file objections to a magistrate judge's order on non-dispositive motions. Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). What is more, "[t]he district judge in the case must consider *timely* objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a) (emphasis added).

## DISCUSSION

As an initial matter, Plaintiff filed this Appeal within the 14-day limitations period for appealing a magistrate judge's order. (*See* ECF No. 110.) Therefore, the Court finds the Appeal timely.

Turning to specifics, Plaintiff states that he should have received an extension to respond to Defendants' Motion for Protective Order, but the Magistrate Judge ruled on Defendants' Motion before receiving Plaintiff's extension request. (ECF No. 111.) On this point, the record shows that Plaintiff's Motion for Extension was mailed to Court on March 9, 2022. (ECF No. 108.) Defendants confirmed they received an email from Plaintiff on March 9, 2022, indicating that Plaintiff had mailed the extension request to the Court. (*Id.*) Plaintiff asserts that the package was still in transit on March 14, 2022. (ECF No. 110, at 1.) However, Plaintiff believes that the Motion for Extension was eventually lost in the mail. (ECF No. 111, at 1.) The Magistrate Judge never received the request, which explains the Magistrate Judge's ruling on Defendants' Motion despite the timely mailing of Plaintiff's extension request.[1] Although he missed the response deadline, Plaintiff submitted his Response to Defendants' Motion to Compel on April 6, 2022. (*Id.*)

---

[1] The Court eventually received Plaintiff's Motion for Extension. (ECF No. 113.) However, the Motion was received well past the deadline to request an extension. This could confirm Plaintiff's

3

Ultimately, even assuming Plaintiff's Motion to Extend was timely and granted, the arguments made in his Response to Defendants' Motion for Protective Order are unavailing. As noted by Defendants, Plaintiff has made several contradictory claims between his Notice to Take Depositions and his Response. Plaintiff now states that he desires to depose fewer than 10 employees, but Plaintiff's Notice stated that was going to depose "all . . . Hourly employees" and "all . . . salaried employees," and "all . . . vessel masters and pilots." These conflicting assertions cannot be reconciled.

Next, Plaintiff states in his Response that he has a right under Tennessee law "to investigate potential crimes committed by the Defendant's [*sic*] and present such evidence to a grand jury." However, there is no law that grants Tennessee residents a unilateral right to bring criminal allegations before a grand jury. As previously noted in this case, Plaintiff has a penchant for filing frivolous claims and asserting bizarre theories before the Court. (ECF No. 93.) Plaintiff's infamy as a vexatious litigant is such that this Court has already applied FRCP 11 sanctions, limiting Plaintiff's future filings in the Western District of Tennessee. (*Id.*, at 4–5.) Consequently, it comes as little surprise that Plaintiff continues to make claims without any factual or legal basis.

Plaintiff continues his Response by averring that his request for depositions was made in accordance with FRCP 30(b)(6) (ECF No. 111, at 2), but the Notice he filed and served was not in compliance with the Rule. Specifically, Plaintiff's Notice of Depositions does not "describe with reasonable particularity the matters for examination" as required by Rule 30(b)(6). In fact, Plaintiff provided no description of the subject matter that he would cover in the depositions. (*See* ECF No. 99.) Thus, Plaintiff's argument regarding compliance with the FRCP is also unconvincing.

---

assertion that the Motion was lost in the mail. Regardless, for the reasons discussed herein, the Motion to Extend does not change the ultimate disposition of Plaintiff's Appeal.

Furthermore, Plaintiff claims that Defendants are "seeking sanctions that are not permitted under rule and are doing to [*sic*] so to prevent the orderly deposition process." (ECF No. 111, at 3.)  Plaintiff then cites to FRCP 30(d)(2), which addresses the behavior of parties and counsel during a deposition.  (*Id.*)  Plaintiff continues by citing Rule 32(a)(5), which is related to the use of deposition testimony at trial.  (*Id.*)  Finally, Plaintiff cites to *United States v. Cinemark USA, Inc.*, 348 F.3d 569 (6th Cir. 2003) and asserts that the case stands for the proposition that a party may not be sanctioned for seeking information from employees regarding corporate policies during depositions.  *Id.*  However, *Cinemark* does not stand for that proposition.  Instead, the case addresses compliance with the Americans with Disabilities Act, an entirely unrelated matter.  *See id.*  In short, the Rules and case law cited by Plaintiff do not support his contention that Defendants have acted wrongfully in obtaining a protective order.

Finally, the Court notes that the Magistrate Judge awarded Defendants' attorney's fees and costs for the Motion for Protective Order.  (ECF No. 107.)  The Court also affirms the awarding attorney's fees and costs pursuant to the broad sanctioning power granted in FRCP 37(a)(5)(A).[2]

## CONCLUSION

Ultimately, there is nothing in the record indicating that the Magistrate Judge's Order Denying Plaintiff's Motion to Objection and Hearing and Defendants' Motion for Protective Order was clearly erroneous or contrary to law.  Therefore, The Court affirms the Magistrate Judge's Order in its entirety, and Plaintiff's Appeal is **DENIED**. (ECF No. 110.)  Additionally, Plaintiff's Motion for Extension (ECF No. 113) is **DENIED** as moot.

---

[2] FRCP 37(a)(5)(A) requires that courts give the nonmoving party an "opportunity to be heard" regarding the payment of attorney's fees and costs.  However, this mandate does not compel the Court to hold a hearing on the matter.  Instead, the Commentary to the 1993 Amendments states that "the court can consider such questions on written submissions as well as on oral hearings."  Here, Plaintiff, as the nonmoving party, has been given adequate opportunity by means of written submissions to oppose Defendants' Motion for Protective Order.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: July 15, 2022.