IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN F. CURRAN, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:20-cv-1229-STA-jay |
| | ) | |
| WEPFER MARINE SERVICES, INC., and | ) | |
| OKIE MOORE DIVING AND MARINE | ) | |
| SALVAGE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT
ORDER OVERRULING PLAINTIFF'S UNTIMELY OBJECTIONS

Before the Court are Plaintiff John F. Curran, III's objections to the magistrate judge's report and recommendations (ECF No. 134) and his Motion to Set Aside the Judgment (ECF No. 136). Defendants Wepfer Marine Services, Inc. and Okie Moore Diving and Marine Salvage, LLC have responded in opposition to both. For the reasons set forth below, Plaintiff's Motion to Set Aside the Judgment is **DENIED**. Even on the merits, the Court would overrule Plaintiff's untimely objections and adopt the Magistrate Judge's recommendation to grant Defendants' motion for summary judgment.

### BACKGROUND

The United States Magistrate Judge has reported the following procedural history of the case to which no party has raised any objection. On October 14, 2020, Plaintiff filed a *pro se* Complaint against Defendants. Plaintiff originally sought a civil recovery under a salvage theory related to first aid rendered to a fellow employee. Defendants filed a motion to dismiss (ECF No. 20), arguing the facts alleged in Plaintiff's original Complaint did not allow for recovery under a

1

theory of salvage. Prior to the Court ruling on the motion to dismiss, Plaintiff filed a motion to amend his complaint (ECF No. 34) to add claims for unpaid overtime, back pay, and retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.1, as well as a retaliation claim under the Seaman's Protection Act ("SPA"), 46 U.S.C. § 2114. Ultimately, the Court allowed Plaintiff to amend but also granted Defendants' motion to dismiss all claims except for Plaintiff's FLSA claim. On July 15, 2022, Defendants filed a Rule 56 Motion for Summary Judgment to which Plaintiff responded in opposition.

The Magistrate Judge issued a report and recommendation (ECF No. 131) that the Court grant Defendants' motion for summary judgment. The Magistrate Judge also recommended that the Court deny Plaintiff's motion to strike (ECF No. 127) a reply brief filed by Defendants in support of their Rule 56 motion. The Magistrate Judge entered his report and recommendation on January 9, 2023. After Plaintiff did not file any objections to the recommendation, the Court entered an order and adopted the report and recommendation on February 6, 2023. The Clerk of Court entered judgment the same day.

On February 9, 2023, the Clerk docketed Plaintiff's objections to the report and recommendation. According to Plaintiff's objections, even though the Magistrate Judge issued his report and recommendation on January 9, 2023, Plaintiff stated in his objections that he had received his mailed copy of the Report on February 2, 2023. Plaintiff mailed his objections to the Court via U.S. Priority Mail. The envelope containing the objections had a postmark of February 7, 2023. Plaintiff argues that under the circumstances his objections were being timely filed. Plaintiff goes on to argue that the Code of Federal Regulations defines "seaman" with reference to "actual work performed." The only error identified by Plaintiff in the Magistrate Judge's Report is Plaintiff's claim that the Magistrate Judge "failed to take into account the CFR definition of a

2

seaman, under the law." Pl.'s Objs. 3 (ECF No. 134).

In his Motion to Set Aside Judgment, Plaintiff argues that the Court should set aside the judgment and consider the merits of his objections. Plaintiff states that he received a mailed copy of the Court's order adopting the report and recommendation on February 14, 2023. According to Plaintiff, the Court should deem his objections to be timely because he filed them within a few days of receiving the report and recommendation. Plaintiff believes he is "at the mercy" of the U.S. mail because he lacks access to the Court's electronic filing system. Defendants have responded in opposition to Plaintiff's objections as well as the Motion to Set Aside Judgment.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b)(1) allows a court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "In determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: (1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense. A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors." *Yeschick v. Mineta*, 675 F.3d 622, 628-29 (6th Cir. 2012) (internal quotations omitted).

The party seeking relief under Rule 60(b) bears the burden of showing that the rule's requirements are met. *McCurry v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 589 (6th Cir. 2002). The Court must construe all ambiguous or disputed facts in the light most favorable to the defendant in ruling on a Rule 60(b) motion. *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006).

## ANALYSIS

The threshold issue presented is whether Plaintiff has carried his burden to show that the

Court should set aside its judgment. Plaintiff must first show "excusable neglect," that is, his failure to meet the 14-day deadline for filing objections to the Magistrate Judge's report was excusable. Plaintiff questions whether his failure to meet the 14-day deadline for filing objections constitutes "neglect" at all because the Magistrate Judge's report was not "served" on him until he received it in February 2023.

Rule 72 permits a party to "*serve* and file specific written objections" to a Magistrate Judge's report and recommendation "[w]ithin 14 days after being *served* with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2) (emphasis added). Rule 5 of the Federal Rules of Civil Procedure governs "service" of court documents and provides that a "paper is served under this rule by mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).

Reading these Rules together, the Clerk of Court served Plaintiff with a copy of the Magistrate Judge's report and recommendation by mailing it to him at his address of record on January 9, 2023. Because service by mail was complete upon the mailing of the report, Plaintiff had 14 days from January 9, 2023, in which to prepare and file objections. This means Plaintiff's objections were due no later than January 23, 2023. Rule 6(d) then provided for three days more for Plaintiff to make, since service was accomplished by means of mail. Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . ., 3 days are added after the period would otherwise expire under rule 6(a)."). The final deadline under the Federal Rules of Civil Procedure for Plaintiff's objections was January 26, 2023. As Plaintiff acknowledges, Plaintiff filed his objections on February 7, 2023, almost two weeks after his filing deadline had run. Plaintiff clearly failed to meet the 14-day deadline to file objections to the report and recommendation.

4

A late filing like Plaintiff's objections clearly qualifies as "neglect." The United States Supreme Court has construed the use of the term "neglect" in the Federal Rules of Civil Procedure to include "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). Plaintiff blames his "late filing" on the delay in the U.S. mail reaching him, an "intervening circumstance" beyond Plaintiff's control. The Court can easily conclude that the late filing of Plaintiff's objections is "neglect," as Rule 60(b)(1) uses the term.

Plaintiff must also show that his neglect of the 14-day deadline is "excusable." "In cases that have not been heard on the merits, the determination of whether neglect is excusable takes into account the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith." *Burrell v. Henderson*, 434 F.3d 826, 832–33 (6th Cir. 2006) (citations omitted). Plaintiff's case has been heard on the merits because the Magistrate Judge received full briefing from the parties on Defendants' motion for summary judgment and concluded that Defendants were entitled to judgment as a matter of law. Where a court has decided the case on the merits, for example, by granting one party summary judgment, the *Pioneer* factors "may help to guide the analysis of excusable neglect" but "are not controlling." *Yeschick*, 675 F.3d at 629.

The Court finds that Plaintiff has not carried his burden to show that his neglect of the 14-day deadline to file objections was excusable. Plaintiff asserts that he did not receive the Magistrate Judge's report and recommendation until February 2, 2023, 24 days after the Clerk of Court mailed the report. Plaintiff has not provided an affidavit or any other evidence to support his claims about the timing of when he received the report. Plaintiff does point out that he has

5

complained of delays in receiving mail at other points in the case. Be that as it may, *pro se* plaintiffs in this District have the option to receive email notice of filing and docket activity in their cases, and Plaintiff has frequently used email to transmit filings to the Court. *E.g.* Cover Emails (ECF Nos. 78-1, 77-1, 71-1). Plaintiff has also made statements in emails to the Clerk of Court about steps he was taking to get PACER access. *See* Cover Emails (ECF Nos. 63-2, 62-1). In the final analysis, parties, even when they act *pro se*, "have an affirmative duty to monitor the dockets to keep apprised of the entry of orders that they may wish to appeal." *Yeschick*, 675 F.3d at 629 (citing *Kuhn v. Sulzer Orthopedics, Inc.,* 498 F.3d 365, 370–71 (6th Cir. 2007)). And despite the supposed delay in receiving the Magistrate Judge's report, Plaintiff appears to have received a copy of the order adopting the report and recommendation and the judgment within a week of their entry. This is a mixed record at best. Resolving these ambiguous or disputed facts in the light most favorable to Defendants, *Burrell*, 434 F.3d at 832, the Court finds that Plaintiff has not shown why his neglect of the 14-day deadline to file objections was excusable.

Even if Plaintiff could show that his failure to make timely objections was the result of excusable neglect, Plaintiff has not shown that setting aside the judgment is warranted under the remaining factors. In the context of attorney neglect, "[p]rejudice suffered by the party opposing the motion for relief from judgment due to expenditure of resources on discovery and filing a motion for summary judgment, which has been decided on the merits, weighs in favor of finding that attorney oversight constituted inexcusable neglect, even when good faith is found." *Yeschick*, 675 F.3d at 631. Here Defendants had engaged in discovery and extensive motion practice both before the Magistrate Judge and in appeals to the Court from decisions rendered by the Magistrate Judge. Defendants filed a properly supported motion for summary judgment, which the parties fully briefed before the Magistrate Judge issued his report and recommendation. In a well-reasoned

and thorough analysis of the issues presented, the Magistrate Judge recommended that the Court grant Defendants judgment as a matter of law. Clearly, setting aside the judgment, including the summary judgment in their favor, would prejudice Defendants. This factor also weighs against granting Plaintiff relief from the judgment.

Lastly, Plaintiff has not shown that he has a meritorious defense. Plaintiff has already responded in opposition to Defendants' motion for summary judgment and been heard once on all of the issues discussed in the Magistrate Judge's report and recommendation. The crux of Plaintiff's argument then and now in his objections to the report is that his "actual work performed" does not meet the Code of Federal Regulations' definition of a "seaman." Plaintiff contends that Defendants have introduced an affidavit that does not refute the allegations of Plaintiffs' Amended Complaint. Plaintiff's argument, however, gets the standard for summary judgment under Rule 56 exactly backwards. "A party opposing a properly supported summary-judgment motion, however, may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Zakora v. Chrisman*, 44 F.4th 452, 464 (6th Cir. 2022) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (cleaned up). "The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed. R. Civ. P. 56, Adv. Committee Notes to 1963 amendments.

The only particular assignment of error addressed to the report and recommendation is Plaintiff's objection that the Magistrate Judge "failed to take into account the CFR definition of a seaman, under the law." Pl.'s Objs. 3 (ECF No. 134). This objection is belied by the report and recommendation itself, where the Magistrate Judge discussed the definition of "seaman" and the undisputed facts surrounding Plaintiff's actual work duties over nearly nine pages of his report.

After engaging in a detailed analysis of the proof, the Magistrate Judge summarized his conclusion as follows:

> The undisputed facts establish that over the course of Plaintiff's employment, he participated in non-seaman activities a handful of hours or a handful of times. But his seaman duties occurred daily, over the course of several hours or shifts. These isolated events (that are only arguably not seaman duties) cannot overcome the great weight of the undisputed facts illustrating Plaintiff's employment: he was a seaman.

Mag. J.'s Rep. & Recommendation 13 (ECF No. 131). Plaintiff has not shown that the Magistrate Judge failed to apply the correct definition of the term "seaman" to facts of the case, much less that Plaintiff's objections raise a meritorious defense to the Magistrate Judge's proposed conclusions of law. Therefore, Plaintiff's Motion to Set Aside the Judgment must be **DENIED**.

Even if the Court set aside the judgment and reached the merits of Plaintiff's untimely objections, the Court would still hold that Plaintiff's objections do not show why the Court should reject the Magistrate Judge's recommended ruling on the motion for summary judgment. For the same reasons that Plaintiff has not raised a meritorious defense, the Court holds that the objections do not show why the Court should have rejected the Magistrate Judge's recommendation to grant Defendants' motion for summary judgment. Therefore, even if the Court were to set aside the judgment and conduct a de novo review of Plaintiffs' particularized objections to the report and recommendation, the Court concludes Plaintiff has not shown that a genuine issue of material fact remains for trial. Defendants are entitled to summary judgment on Plaintiff's FLSA claim because Plaintiffs does meet the C.F.R.'s definition of "seaman."

## CONCLUSION

The Court holds that Plaintiff has not carried his burden under Rule 60(b)(1) to show why the Court should set aside its judgment. Therefore, the Motion to Set Aside is **DENIED**. Even if the Court set aside the judgment and reached the merits of Plaintiff's untimely objections, the

8

Court would overrule the objections and adopt the Magistrate Judge's recommendation to grant Defendants summary judgment on Plaintiff's FLSA claim.

**IT IS SO ORDERED.**

                                                **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                UNITED STATES DISTRICT JUDGE

                                                Date: March 20, 2023.